UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN SCAGGS, et.al. ,

                            Plainitffs-Petitioners,

   -against-

NEW YORK STATE DEPARTMENT OF EDUCATION, et.al.,

                          Defendants-Respondents.
-------------------------------------------------------------------------X

**INFANT'S COMPROMISE ORDER**

Docket No.:
06cv799(RRM)(WDW)

      The Plaintiff-Petitioner, ANDRE LEE JR, infant by parent and natural guardian TARA LEE, has moved for an Order authorizing and empowering them to compromise and settle the within action, and

      Upon reading and filing the affidavit of TARA LEE, mother and natural guardian of the infant, ANDRE LEE JR, duly verified and acknowledged on August 3, 2010, and the Affirmation of JOANN SQUILLACE, ESQ., duly affirmed on August 3, 2010, and, upon all of the pleadings and proceedings heretofore had herein and after due deliberation having been had thereon,

      **NOW**, on the motion of JOANN SQUILLACE, ESQ., of DRUMMOND & CRAWFORD, PC, attorneys for the Plaintiff-Petitioner ANDRE LEE JR, infant by mother and natural guardian TARA LEE, herein, it is hereby,

      **ORDERED**, that the parents of the infant ANDRE LEE JR be and are hereby authorized to enter into a compromise of the infant's cause of action for the total sum of **THREE THOUSAND DOLLARS ($3,000.00)**, in full settlement of this action; and it is further

**ORDERED**, that National Union Fire Insurance Company of Pittsburgh, PA, the liability carrier for Defendants-Respondents Edison Schools, Riverhead Charter School, Riverhead Charter School Board of Trustees, Steven Cohen, Stephen Charkow, Susan Cheatum, Kate Liddle, Arnold Braunskill and George Grigg (hereinafter "the Charter School Defendants-Respondents"), on behalf of the Charter School Defendants-Respondents, shall pay the total sum of **THREE THOUSAND DOLLARS ($3,000.00) (the "Settlement Amount")** on account of the settlement of the within action to be paid as follows:

a.  The sum of **ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00)** made payable to DRUMMOND & CRAWFORD, PC as and for the attorneys' compensation and expenses incurred by said attorneys in the within action; and

b.  The balance of the Settlement Amount, to wit, the sum of **TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00)**, made payable to the parent and natural guardian of the infant Plaintiff-Petitioner, to wit: TARA LEE, jointly with an officer of the Suffolk Federal Credit Union, located at 3681 Horseblock Road P.O. Box 9005 Medford, N.Y., to be deposited in the said bank in an account, or accounts, yielding the highest rate of interest available, in the name of the parent and natural guardian, in trust for the Infant ANDRE LEE JR, subject to further ORDER of this Court; and it is further

**ORDERED** that National Union Fire Insurance Company of Pittsburgh, PA will tender payment of the aforementioned settlement on behalf of the Charter School Defendants-Respondents in accordance with the terms of the Stipulation of Settlement entered into by the parties and it is further

**ORDERED**, that upon presentation of proper proof of age to the said depository, that when the infant has reached the age of eighteen (18) years, the <u>depository shall pay upon demand</u> all of the monies in the said account to the infant named therein; and it is further,

**ORDERED**, that the filing of a bond be dispensed with, and it is further

**ORDERED**, that upon full compliance with the terms of this Order, Tara Lee, as mother and natural guardian of said infant be and hereby is authorized and empowered to execute and deliver a General Release on behalf of the infant and to deliver any other instruments necessary to effectuate the settlement herein; and it is further

**ORDERED**, that the attorney for Plaintiff-Petitioner shall serve a copy of this Order upon said depository and shall arrange for the deposit of the funds within ninety (90) days from the date hereof; and is further

**ORDERED**, that no withdrawals, partial or otherwise, will be permitted without further Order of this Court, and it is further

**ORDERED**, that said depository is authorized and directed to maintain at least the maximum percentage of the said fund in a form of deposit in said depository yielding the highest dividend return to the infant, providing that said fund shall be in such a form that it will be all available to the infant upon attaining the age of eighteen (18) years.

E N T E R :

_____
HONORABLE ROSLYNN R. MAUSKOPF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN SCAGGS, et.al.,

                Plainitffs-Petitioners,

  -against-

NEW YORK STATE DEPARTMENT OF EDUCATION, et.al.,

                Defendants-Respondents.
------------------------------------------------------------------X

Docket No.:
06cv799(RRM)(WDW)

**AFFIDAVIT OR PETITION OF GUARDIAN**

STATE OF NEW YORK, COUNTY OF QUEENS

    THIS AFFIDAVIT OR PETITION OF GUARDIAN, as the case may be, sets forth as follows:

    **TARA LEE,** being duly sworn deposes and says:

    I am the mother and natural guardian of the infant **ANDRE LEE JR.** I reside with the infant at 204 Horton Avenue, Riverhead, N.Y. 11901. The infant is 12 years of age, having been born on July 28, 1998.

    The circumstances giving rise to this claim are as follows: the infant was matriculated at Defendant-Respondent Riverhead Charter School where he was not provided proper/adequate/required classes/lessons; was served spoiled food and was subject to otherwise improper and inadequate educational environment at Defendant-Respondent Riverhead Charter School.

    The nature and extent of the damages sustained by the infant are as follows:

    Educational regression/poor educational performance causing him to have to repeat Kindergarten and to subsequently be classified/designated with an IEP.

    On or about August 2004, I retained The Law Firm of **DRUMMOND & CRAWFORD, PC** and agreed that compensation to DRUMMOND & CRAWFORD, PC in the event of recovery, would be thirty three and one-third percent (33-1/3%) of the amount so recovered on behalf of the within infant.

    My attorneys have informed me that an offer has been made to settle this action for the sum of **THREE THOUSAND DOLLARS ($3,000.00)** and the proposed distribution of the settlement is as follows: **ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00)** to **DRUMMOND & CRAWFORD, PC**, attorneys for the infant, and the balance of **TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00)** be allowed and made payable

to **TARA LEE** as mother and natural guardian of **ANDRE LEE JR**, an Infant.

I believe that the above settlement and proposed distribution is fair, compensatory and in the best interests of the within infant. I approve this settlement and proposed distribution and request the Court's approval of the compromise offer rather than risk the uncertainty and expense of protracted litigation.

No other action or proceeding has been commenced on behalf of the infant or myself as a result of the incident/circumstances from which the infant sustained damages.

No reimbursement for medical or other expenses has been received from any other source.

Neither myself, nor any member of the infant's family, has made a claim for damages alleged to be suffered as a result of the same occurrence-giving rise to the infant's claim.

I hereby waive any and all claims I may have for loss of services of the infant.

I have no interest in any matter adverse to the infant, nor have I become concerned or interested herein at the request of the opposing party directly or indirectly. I have not received, nor am I to receive any monies from the opposing party, directly or indirectly.

No previous application for the relief sought herein has been made to any court or judge.

**WHEREFORE**, I respectfully pray that the court make and enter an order approving and authorizing the compromise as herein set forth and further pray for such other relief as the court may deem fitting and proper.

Dated:   QUEENS VILLAGE, NEW YORK
         August 3, 2010

_____
**TARA LEE**

5

State of New York, County of Queens   ss:

**TARA LEE,** being duly sworn, says:  I have read the foregoing petition and same is true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
**TARA LEE**

Sworn to before me this
30 day of August, 2010

_____
NOTARY PUBLIC

JOANN SQUILLACE
Notary Public, Qualified in New York County
State of New York
Reg # 02SQ6083673
Commission Expires 03/27/20__

6

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN SCAGGS, et.al. ,
                            Plainitffs-Petitioners,      Docket No.:
      -against-                                          06cv799(RRM)(WDW)

NEW YORK STATE DEPARTMENT OF EDUCATION,                  AFFIRMATION       OF
et.al.,                                                  ATTORNEY
                            Defendants-Respondents.
-----------------------------------------------------------------X
```

JOANN SQUILLACE, an attorney duly admitted to practice law before the United States District Court, Eastern District of New York, and an associate with the law firm Drummond & Crawford, PC located at Queens Corporate Center, 221-10 Jamaica Avenue, Suite 106, Queens Village, NY 11428, attorneys for the Plaintiff-Petitioner herein, affirms the following to be true under penalties of perjury:

1. I am familiar with the facts and circumstance hereinafter set forth and submit this affirmation in support of this application to compromise the infant's action.

2. Tara Lee, as mother and natural guardians of the within infant Plaintiff-Petitioner ANDRE LEE JR, retained the Law Firm of Drummond & Crawford, PC to represent the legal interest of said infant for damages sustained at/by the Defendant-Respondent Riverhead Charter School during the infant's matriculation at said school. A retainer statement was properly filed with the Office of the Court Administration of the State of New York with the code number 6032506.

3. The representatives of the Charter School Defendants-Respondents have offered a total sum of **THREE THOUSAND DOLLARS ($3,000.00)** in full and final settlement of the action herein. Your affirmant has recommended the acceptance of the offer, as it is fair and reasonable in light of all aspects of the case. It is advisable to accept the

offered amount as the infant Plaintiff-Petitioner has improved and progressed form any educational regression/poor educational performance that he sustained. Further, the parent of the infant Plaintiff-Petitioner desires the within settlement. As set forth in the parent annexed affidavit, there remain no outstanding and/or pending medical bills and/or liens related to the within matter.

4. For the foregoing reasons, your affirmant counseled and advised the acceptance of the amount offered in settlement as being in the interest of the infant Plaintiff-Petitioner. Neither I, nor any member of my law firm, became concerned in the settlement at the instance of a party or person opposing, or with interests adverse to the infant, directly or indirectly; nor received, nor will receive, any compensation from such party.

5. This office rendered legal services over the past six (6) plus years that the within matter has been pending including, but not limited to:

- Research of case law;
- Draft several complaints including amended complaints;
- Draft numerous opposition/responses to various motions to dismiss made by the various defendants including motions for summary judgment, change of venue and other motions to dismiss;
- Draft motion for class certification and bulk file with Court;
- Draft numerous correspondences to clients including demands for cooperation and response;
- Numerous meetings with clients;
- Numerous telephone conferences with clients;
- Numerous Court conferences/appearances;

-Numerous meetings with opposing counsels;

-Draft numerous correspondences to opposing counsels;

-Numerous telephone conferences with opposing counsels;

-Draft numerous correspondences to the Court;

-Prepared for and appeared at over twenty (20) Examinations Before Trial of Plaintiffs and their respective guardians/parents;

-Obtained copies of and reviewed Plaintiffs-Petitioners medical and educational/academic records, reports and files;

-Draft numerous discovery responses to Defendants' demands and serve upon Defendants;

-Draft demands for discovery and inspection and serve upon Defendants;

-Search for/inquiry of expert witnesses;

-Conducted settlement negotiations; a result of which the within settlement offer was obtained. The within compromise application was then drafted.

Your affirmant respectfully requests that the attorney's fees be set in the amount of **ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00)** and the sum of **TWO THOUSAND DOLLARS AND ZERO CENTS ($2,000.00)** to be paid by National Union Fire Insurance Company of Pittsburgh, PA on behalf of the Charter School Defendants-Respondents to the parent and natural guardian of the infant Plaintiff-Petitioner, to wit, TARA LEE, jointly with an officer of a bank to be appointed by the Court, to be placed in the highest interest bearing account until the infant reaches the age of eighteen (18) years.

Your affirmant has a retainer with the infant's parents which provided that the attorney's fee be one-third (1/3) of the recovery after disbursements, or in the alternative to be

9

fixed by the Court. In view of the extensive and complex work done over the past six plus years of the within litigation and the results accomplished, your affirmant respectfully requests that the attorney's fee be fixed at one-third (1/3) of the total recovery herein.

**WHEREFORE**, I respectfully request that this application be granted in all respects.

I state under the penalties of perjury that the statements herein made are true, except as to such statements as are based on information and belief, which statements I believe to be true.

Dated:   QUEENS VILLAGE, NEW YORK
         January 3, 2011

_____
**JOANN SQUILLACE**

10